**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALICIA BURROWS,

    Plaintiff,

v.

WORLD OMNI FINANCIAL CORP., AND
RAPID RECOVERY AGENCY, INC.

    Defendants.
_____/

CASE NO.

**COMPLAINT AND TRIAL BY JURY DEMAND**

## NATURE OF ACTION

1. Plaintiff Alicia Burrows brings this action against World Omni Financial Corp. ("WOFC") and Rapid Recovery Agency, Inc. ("RRA") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, as well as the Uniform Commercial Code ("UCC"), Fla. Stat. § 679.101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural persons who at all relevant times resided in Tampa, Florida.

5. Plaintiff is allegedly obligated to pay a debt asserted to be owed or due to WOFC.

6. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal automobile loan (the "Debt").

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9. Plaintiff is a "consumer debtor" as defined by Fla. Stat. § 679.1021(v)

10. WOFC is a Florida corporation that purchase consumer paper in the form of automobile loans.

11. WOFC is a "secured party" as defined by Fla. Stat. § 679.1021(ttt).

12. WOFC is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6).

13. RRA is a Florida corporation that at all relevant times were acting as repossession agents working at the behest of WOFC.

14. At all relevant times, RRA was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

15. RRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. RRA is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

17. On August 24, 2021, Plaintiff purchased a 2020 Toyota Corolla (the "Vehicle") from non-party, Wesley Chapel-T, LLC.

18. Plaintiff purchased the Vehicle on credit.

19. In connection with the transaction, Plaintiff executed a Retail Installment Sales Contract with Wesley Chapel-T, LLC which was subsequently assigned to WOFC.

20. As part of the transaction, WOFC obtained a security interest in the Vehicle.

21. The Vehicle constitutes "collateral" as defined by Fla. Stat. § 679.1021(1)(*l*).

22. Plaintiff purchased and used the Vehicle for her own personal, family, and household use.

23. The Vehicle constitutes "consumer goods" as defined by Fla. Stat. § 679.1021(1)(w).

24. On or before October 6, 2022, WOFC hired RRA to repossess the Vehicle.

25. On or about October 6, 2022, at around 4:50 A.M., RRA went to Plaintiff's home to repossess the Vehicle.

26. At that time, the Vehicle was parked in Plaintiff's driveway in front of her sister's vehicle.

27. Instead of desisting from the repossession and trying again later, RRA attempted to tow Plaintiff's sister's vehicle out of the way so it could access Plaintiff's vehicle.

28. Plaintiff and her sister noticed RRA's arrival and immediately protested the repossession, and demanded that RRA leave the property.

29. RRA refused to cease the repossession and leave the property.

30. RRA continued the repossession over Plaintiff and her sister's protests.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## RRA

31. Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Fla. Stat § 679.609(2)(b).

32. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

33. "To avoid a breach of the peace, a recovery agent should retreat from a recovery when there is a confrontation." Florida Department of Agriculture and Consumer Services, *Recovery Agent Handbook* 8 (2019).

34. RRA breached the peace by continuing its repossession in the face of Plaintiff and her Sister's protest.

35. A repossession agent's breach of the peace negates a right to possession.

36. Once RRA breached the peace, they lost the right to continue with their repossession.

37. RRA violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession or no right to immediate possession existed.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that RRA violated 15 U.S.C. § 1692f(6)(A);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF FLA. STAT. § 559.72(9)
### ALL DEFENDANTS

38. RRA had no right to continue with its repossession after Plaintiff and her sister protested the repossession and the peace was breached, but it attempted to do so anyway.

39. Upon information and belief, due to the obvious breach of the peace, RRA knew the right to immediate possession of the Vehicle was lost.

40. RRA violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right it knew not to exist.

41. As the secured party that hired RRA, WOFC is liable for RRA's violation of Fla. Stat. § 559.72(9). Fla. Stat. § 697.609 at Official Comment 3.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that RRA violated Fla. Stat. § 559.72(9);

    b) Adjudging that WOFC is liable for RRA's violation of Fla. Stat. § 559.72(9);

    c) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

    d) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining RRA from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

h) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 679.609
## WOFC

42. A secured party violates Fla. Stat. § 679.609 when its repossession agents breach the peace while attempting to repossess collateral.

43. Secured creditors have a non-delegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); Fla. Stat. § 697.609 at Official Comment 3.

44. WOFC's repossession agents breached the peace by continuing their repossession in the face of Plaintiff and her sister's protests.

45. WOFC violated Fla. Stat. § 679.609 when its repossession agents breached the peace while attempting to repossess the Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that WOFC violated Fla. Stat. § 679.609;

b) Awarding Plaintiff statutory damages pursuant to Fla. Stat. § 679.625(3)(b);

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 679.625(2);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

65. Plaintiff is entitled to and hereby demand a trial by jury.

Dated: February 7, 2023.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259